UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 96-6078-CR-HURLEY

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOHN WAYNE BALLESTER,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

      THIS CAUSE is before the Court for a final probable cause hearing on a superseding petition for violations of supervised release. The Defendant, JOHN WAYNE BALLESTER, appeared before the Court on January 17 and 31, 2018. The Defendant is charged with 7 violations: (1) a violation of law for the offense of knowingly driving while license suspended on October 6, 2017; (2) a violation of law for the offense of possession of a firearm or ammo by a convicted felon on October 6, 2017; (3) failure to participate in the Location Monitoring Program properly on October 6, 2017; (4) failure to participate in the Location Monitoring Program properly on September 26, 2017; (5) failure to participate in the Location Monitoring Program properly on September 28, 2017; and (6) & (7) failure to participate in the Location Monitoring Program properly on October 20, 2017.

      The section pertaining to revocations of supervised release requires the court to find that the Defendant violated the conditions of his supervised release by a preponderance of the evidence rather than beyond a reasonable doubt. *See*

*Johnson v. United States,* 529 U.S. 694, 700, 120 S.Ct. 1795 (2000)(citing 18 U.S.C. § 3583(e)(3)); *United States v. Poellnitz*, 372 F.2d 562, 566 (3d Cir. 2004) (stating, "[t]he plain language of § 3583(e)(3) requires a finding by 'a preponderance of the evidence' that the defendant violated a condition of his supervised release."); 18 U.S.C. § 3583(e)(3).

The Defendant knowingly, intelligently and voluntarily stipulated to violations 3-7. The Government requested that violation 2 be dismissed since the Defendant was only in possession of a bb gun. This Court concurs.

A hearing was held on violation #1. The Defendant asserted that he did not receive notice of his driver license suspension. The evidence reflected that notice of his suspension was sent to the address of record that the Defendant had provided and that the Defendant had not corrected the address with the Florida Department of Motor Vehicles even though he had contact with the Florida DMV on other business during the relevant period.

This Court finds by a preponderance of the evidence that the above findings of fact prove the charged violation number 1.

The Court **RECOMMENDS** that the District Court find the Defendant guilty of violations 1 and 3-7, and dismiss violation number 2.  The Court also recommends that this matter be set down for sentencing before the District Court.

The Clerk is **ORDERED** to set this matter before the sentencing calendar of a United

States District Court Judge.

A party shall serve and file written objections, if any, to this Report and Recommendation within fourteen days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C).  Failure to file timely objections may limit the scope of appellate review of factual findings contained herein.  *See United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982), *cert. denied*, 460 U.S. 1087 (1983).

**DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 12 day of March, 2018.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
U.S. Marshal
U.S. Probation
Clerk of Court